IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEONARD R. WHEATLEY,** | Cv. No. 1:11-cv-06010-RE |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **MICHAEL J. ASTRUE,**<br>Commissioner of Social Security, | |
| Defendant. | |

**REDDEN**, Judge:

Plaintiff Leonard Wheatley ("Wheatley"), brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for the calculation and payment of benefits.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1962, Wheatley completed the 10th grade. He has worked as an auto mechanic and as a supply clerk. On December 2, 2008, plaintiff's first application for benefits was denied. He reapplied on May 29, 2009, alleging disability since November 27, 2008, due to depression and Post Traumatic Stress Disorder ("PTSD"). His application was denied initially and upon reconsideration. On June 15, 2010, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated August 25, 2010, the ALJ found Wheatley not disabled. Wheatley's request for review was denied, making the ALJ's decision the final decision of the Commissioner. Wheatley now seeks judicial review of the Commissioner's decision.

## ALJ's DECISION

The ALJ found Wheatley had medically determinable severe impairments of degenerative disc disease of the lumbar spine, mild spondylosis of the cervical spine, migraines, and bilateral sensorineural hearing loss. Tr. 12. The ALJ found Wheatley's PTSD, depression, and pain disorder not severe.

The ALJ determined that Wheatley retained the residual functional capacity to perform light work, limited to lifting no more than 15 pounds from the floor to waist level, 25 pounds from waist to shoulder level, and 15 pounds from shoulder to overhead level. The claimant needs the option to sit/stand and he should avoid concentrated exposure to noise. The ALJ found that he could not perform his past relevant work, but that he was able to perform jobs existing in significant numbers, including storage facility rental clerk, polisher, and film touch up inspector. Tr. 18. Plaintiff disputes this finding.

The medical records in this case accurately set out Wheatley's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Wheatley contends that the ALJ erred by: (1) improperly weighing his VA disability rating; (2) improperly evaluating the opinions of treating and examining physicians; and (2) improperly assessing his residual functional capacity.

## I. The Department of Veterans Affairs ("VA") Disability Determination

The ALJ must ordinarily give great weight to a Veterans Administration determination of disability. *McCartey v. Massanari,* 298 F.3d 1072 (9th Cir. 2002). This is true because of the "marked similarity between these two federal disability programs." 298 F.3d at 1076. However, because the VA and SSA criteria for determining disability are not identical, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record. *Id.*

In a December 6, 2007 letter to counsel, Danny Whitehead, M.D., wrote "I agree that Mr. Wheatley is totally disabled and unable to work under any circumstances." Tr. 346. Dr. Whitehead stated that, even if Wheatley could qualify for a sedentary job, "it is likely that his medical impairments would cause him to be able to sustain no more than three days in a row without total rest. Therefore, three good days out of five day work week." *Id.* Dr. Whitehead was, at that time, Wheatley's treating physician.

The ALJ found:

3 - OPINION AND ORDER

> Medical records from the Department of Veterans' Affairs (VA) show that the claimant was found to be 80% service connected "disabled" and that physician, Danny Whitehead, M.D., commented that the claimant is "disabled" and unable to work under any circumstances [citation omitted]. None of this is found to be persuasive....In this case, it is found that valid reasons exist for not accepting the VA disability determination. The VA standards for rating disability are not equivalent to those of the Social Security Administration. The Social Security Administration utilizes an all or nothing total disability standard; there is no partial disability under Social Security Regulations. Additionally, the VA rating of disability in this claimant's case is questionable as his VA records fail to objectively substantiate the degree of severity alleged [citation omitted]. Also, although Dr. Whitehead was the claimant's primary care physician when he wrote the above letter, the doctor made his comments in 2007, about a year before the alleged onset date. Moreover, the issues of disability and whether the claimant can work are reserved to the Commissioner. Therefore, I accord no weight to the VA's rating and Dr. Whitehead's comments in determining the claimant's residual functional capacity.

Tr. 16.

The ALJ fails to offer persuasive, specific, or valid reasons to completely discredit the VA's determination. Simply stating that the programs have different standards is not a valid reason to give the VA determination less than great weight. Similarly, noting that the determination of whether a claimant can work is reserved to the Commissioner is not a valid reason to give the VA's determination in this case no weight.

The only arguably valid reason to afford the VA's determination less than "great weight" is the ALJ's assertion that the VA records fail to substantiate the degree of alleged severity, citing B5F and B9F. B5F are claimant's VA treatment records from November 26, 2007 through October 9, 2009, or pages 294 to 350 in the administrative record before this court. The citation to B9F refers to claimant's VA treatment records from October 9, 2009, through February 22, 2010, or pages 357 to 375 in this record.

The ALJ's general citation to 174 documents is not sufficiently specific to support a finding that the VA's determination is entitled to no weight. Moreover, I have reviewed all of the cited documents, and they do, in fact, support the VA's determination, as set out below.

## II. The Physicians' Opinions

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

### A. Sharon Stubbs, M.D.

Dr. Stubbs was Wheatley's primary care physician from at least June 2008 through June of 2010. Tr. 298, 380. Dr. Stubbs diagnosed chronic headaches, chronic joint pain causing walking limitations, insomnia, a general mood disorder due to medical condition, PTSD, and dysthymia. Tr. 298. She noted that Wheatley's pain was stable at a level of 7/10 in the lower and upper back and neck. Tr. 312. She opined in June 2010, on a form prepared by counsel, that Wheatley suffers migraine headaches with pain, light, and sound sensitivity that would cause him to miss at least two days of work each month. Tr. 380.

The ALJ found Dr. Stubbs's opinion unpersuasive:

5 - OPINION AND ORDER

> Although Dr. Stubbs is a treating source, the doctor's own treatment records do not corroborate the degree of severity implicated by such comments and notations [citation omitted]. Dr. Stubbs' opinion is also inconsistent with the claimant's testimony that recent treatment did alleviate symptoms. Therefore, I accord little weight to Dr. Stubb's [sic] opinion.

Tr. 16.

The record indicates that Dr. Stubbs treated Wheatley at least eight times for headaches, prescribing zolmitriptan and at least three injections. Tr. 298, 308, 297, 304, 296, 360. Contrary to the ALJ's assertion, the treatment record does corroborate the degree of severity found by the doctor. As to the claimant's testimony, Wheatley testified that his "headaches are a lot worse than they used to be," and that he has a headache all the time. Tr. 34-35. He testified that the medication helps "a little bit, not a lot." Tr. 35.

### B. John Linus Carter, M.D., Consulting Psychiatrist

Dr. Carter examined Wheatley for three hours in February 2008, reviewed the medical records, and administered several questionnaires and the Beck Depression Inventory II.. Tr. 336-45. Dr. Carter diagnosed PTSD, chronic, moderate, dysthymic disorder, and pain disorder. He assessed a GAF score of 50,[1] "with serious impairment in social and occupational functioning,"

---

[1] 2 The GAF scale is a tool for "reporting the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n., Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 2000)). It is essentially a scale of zero to 100 in which the clinician considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness," not including impairments in functioning due to physical or environmental limitations. *Id* at 34. A Global Assessment of Functioning ("GAF") score between 50 and 60 indicates "Serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational or school functioning (e.g., no friends, unable to keep a job)." *Id* at 32.

and stated that Wheatley's highest level of functioning within the last year was GAF code 50. Tr. 344.

Dr. Carter stated:

> It is my impression, within the realm of reasonable medical probability, that the symptoms of post-traumatic stress disorder and depression have remained relatively static over the past three years. The stressors relative to unemployment and being declared unemployable have been eased somewhat, and I think can account for the mild decrease in symptomatology of both the post-traumatic stress disorder and his depressive symptoms. However, the shift of focus has been to a pain disorder, which has been seen to be relative to progressive degenerative joint disease and the veteran has become highly invested in the perception that this disorder is untreatable and that it will only worsen with time.

Tr. 344.

The ALJ did not address Dr. Carter's evidence, and offers no specific or legitimate reason to discredit it.

### III. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's omission of the psychiatric testimony and failure to credit the VA disability rating and the opinions of the two treating physicians is erroneous for the reasons set out above. The Vocational Expert testified that, if Drs. Stubbs and Whitehead's opinions are credited, Wheatley would be unable to maintain employment. Tr. 94.

Accordingly, this matter is remanded for the calculation and award of benefits.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For these reasons, the ALJ's decision that Wheatley is not disabled is not supported by substantial evidence. The decision of the Commissioner is reversed and this case is remanded for the calculation and payment of benefits.

IT IS SO ORDERED.

Dated this /0 day of April, 2012.

JAMES A. REDDEN
United States District Judge